UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-613-F

| | |
|---|---|
| SUSAN MEARS, et al., )<br>Plaintiffs )<br>)<br>v. )<br>)<br>ATLANTIC SOUTHEAST AIRLINES, )<br>INC., et al., )<br>Defendants. )<br>_____ ) | ORDER |

This matter is before the court on proposed amicus Air Line Pilots Association International's Motion to Intervene and Appear for a Limited Purpose, for Leave to File in Paper Form, and for Leave to File an Amicus Brief [DE-44]. ALPA requests leave to file an amicus brief and participate in any hearings on the defendants' motion for a protective order. ALPA also requests that the court waive the local rule requiring association of local counsel. For the reasons explained below, the motion is ALLOWED.

The Air Line Pilots Association ("ALPA") is a labor organization representing airline pilots, including all pilots employed by defendant Atlantic Southeast Airlines (ASA). The ALPA's mission includes advocating non-disclosure of confidential airline safety reports. The ALPA seeks leave to file an amicus brief in support of ASA's motion for a protective order [DE-41], in which ASA requests a court order prohibiting disclosure of certain safety reports to the plaintiffs. Plaintiffs do not oppose the request to file the amicus brief.

District courts have broad discretion to allow a non-party's participation as amicus curiae. *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). At the trial level, amici have been allowed where "'they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance.'" *Id.* (quoting *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 727 (D. Md. 1996)).

In light of plaintiff's consent to the proposed amicus's participation and ALPA's representation that its brief can provide helpful analysis of the law regarding disclosure of the safety reports, the court finds that good cause exists to allow the amicus brief. Accordingly, to the extent the motion requests leave to file an amicus brief, the motion is ALLOWED. The Clerk of Court is DIRECTED to forward a copy of the amicus brief and the attached exhibits to Magistrate Judge Webb's chambers.

In addition, ALPA requests that the court waive Local Civil Rule 83.1, which requires representation by local counsel. *See* Local Civil Rule 83.1(d) ("Litigants in civil actions, except governmental agencies and parties appearing *pro se*, must be represented by at least one member of the bar of this court who shall sign all documents filed in this court . . . ."). Because ALPA is not representing either the plaintiff or the defendant, the court finds that ALPA is not a "litigant in a civil action" for purposes of Local Civil Rule 83.1(d). *See* Black's Law Dictionary 934 (6th ed. 1990) (defining litigant as "a party to a lawsuit (*i.e.* plaintiff or defendant)"). In addition, ALPA is appearing for the limited purpose of advocating for non-disclosure of a small number of safety reports during discovery. ALPA has no interest in the outcome of the litigation and thus is not a "litigant in a civil action" under the common understanding of that phrase. Finally, counsel is a member in good standing with the Bar of Virginia and the Bar of the U.S. District Court for

2

the District of Columbia. Under these particular circumstances, the court finds that counsel may appear in this case without associating local counsel.

## CONCLUSION

For the foregoing reasons, ALPA's motion [DE-44] is ALLOWED. The request to file an amicus brief is ALLOWED and the Clerk of Court is DIRECTED to provide a copy of the amicus brief and the attached exhibits [DE-45] to Judge Webb's chambers. The request to waive the local counsel requirement is also ALLOWED and counsel may submit the brief and appear at any hearing on ASA's motion for a protective order without associating local counsel. The request to file in paper form is ALLOWED for the limited purpose of filing the instant motion, the amicus brief, and the attached exhibits. The Clerk's Office has docketed these documents into the CM/ECF system and they now appear on the docket at docket entries 44 and 45. Finally, the Clerk of Court is DIRECTED to serve a copy of this order, by email, on counsel for the ALPA.

SO ORDERED.

This the 2 9th day of October, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge